IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JACQUELINE VELCOFF                                          PETITIONER
ADC #708561

V.                              NO. 5:09cv00053 JWC

LARRY NORRIS, Director,                                     RESPONDENT
Arkansas Department of Correction


<u>**MEMORANDUM OPINION AND ORDER**</u>

  Jacqueline Velcoff, an Arkansas Department of Correction inmate, brings this

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2).  Respondent

concedes (doc. 6) that Petitioner is in his custody and has exhausted all nonfutile state

remedies, *see id.* § 2254(a-c), but argues that the petition should be denied for other

reasons.  Petitioner has replied to these arguments (docs. 7, 10).  For the reasons that

follow, the petition must be **denied**.[1]


I.

  Following a jury trial in February 2005 in the Circuit Court of Clark County, Arkansas,

Petitioner was convicted of twenty counts of rape and was sentenced to concurrent terms

of 168 months of imprisonment on each count.  (Resp't Ex. 1 [doc. 6-2].)  The convictions

were based primarily on the testimony of Petitioner's daughter that Petitioner took her to

Wayne Poland's house and forced her to have sex with him.  In a direct appeal, Petitioner

argued: (1) that the evidence was insufficient to support her convictions because the rape

victim's testimony was not credible regarding the number of times she was raped and

---

[1]The parties have consented to the jurisdiction of the Magistrate Judge (doc. 11).

because the information did not allege that any counts occurred at any particular time; and (2) that the trial court allowed unfairly prejudicial testimony from the victim's brother in violation of the state rules of evidence.  Finding no error, the Arkansas Court of Appeals affirmed.  *Velcoff v. State*, No. CACR 05-950, 2006 WL 3222649 (Ark. Ct. App. Nov. 8, 2006) (unpub.) (Resp't Ex. 2 [doc. 6-3]) (*Velcoff I*).

On January 4, 2007, Petitioner filed a pro se petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, alleging: (1) ineffective assistance of counsel; (2) the evidence was insufficient because the evidence shown to the jury was taken from Poland's residence; (3) Poland fled before jury selection and the cases should have been severed; and (4) Petitioner was persecuted by the media.  (Resp't Ex. 3 [doc. 6-4].)  The circuit court denied relief.  *State v. Velcoff*, No. CR-2003-187 (Clark Co. Cir. Ct. Mar. 27, 2007) (Resp't Ex. 4 [doc. 6-5]).  Petitioner then filed in the circuit court a motion for reconsideration and a motion for appointment of counsel, (Resp't Ex. 5 [doc. 6-6]), which were denied.  *State v. Velcoff*, No. CR-2003-187 (Clark Co. Cir. Ct. June 6, 2007) (Resp't Ex. 6 [doc. 6-7]).

On June 29, 2007, Petitioner filed a notice of appeal.  (Resp't Ex. 7 [doc. 6-8].)  On January 22, 2009, the Arkansas Supreme Court dismissed the Rule 37 appeal for lack of jurisdiction, finding that Petitioner failed to properly establish appellate jurisdiction as to the circuit court's denial of the Rule 37 petition because there was no timely notice of appeal regarding that order, and further finding that Petitioner could not prevail on her appeal of the circuit court's denial of her motion for reconsideration.  *Velcoff v. State*, No. CR 07-709, 2009 WL 152481 (Ark. Sup. Ct. Jan. 22, 2009) (unpub. op.) (Resp't Ex. 8 [doc. 6-9]).  The court stated:

2

The filing of a notice of appeal is jurisdictional. *Brady v. Alken*, 617 S.W.2d 358 ([Ark.] 1981).  Absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal and must dismiss it.  *See Pannell v. State*, 895 S.W.2d 911 ([Ark.] 1995).

...

The notice of appeal in the instant matter was filed more than thirty days after entry of the March 27, 2007 order that denied the Rule 37.1 petition. Also, the notice of appeal clearly identified the May 24, 2007 order that denied the motion for reconsideration as the basis for the appeal. Therefore, no valid appeal was taken from the order that denied the Rule 37.1 petition.

Although the notice of appeal was timely filed as to the order that denied the motion for reconsideration, the motion afforded appellant no relief as it failed to identify an omitted issue that she wished the trial court to reconsider.  The motion was instead a plea for legal representation and filed contemporaneously with the motion for appointment of counsel.  As the motion for reconsideration failed to state a valid basis for relief, appellant could not prevail on that motion, and we will not allow the appeal to go forward.  *See Morgan v. State*, 200 S.W.3d 890 ([Ark.] 2005) (per curiam).

*Id.* at *1 (parallel citations omitted); *see* Ark. R. App. P. Crim. 2(a)(4) (notice of appeal must be filed within thirty days from entry of final judgment or order and must sufficiently identify judgment or order from which an appeal is being taken); *Matthews v. State*, 975 S.W.2d 836, 837 (Ark. 1998) (motion for reconsideration of Rule 37 denial may be allowed only if petitioner is requesting that the court address an omitted issue).

There is no evidence or allegation that Petitioner sought any further post-conviction relief in state court.

Petitioner now brings this federal habeas petition, arguing that her constitutional rights were violated because she was not afforded effective representation in the critical early stages of her pretrial proceedings in state court, or during her trial, and her attorney failed to file a notice of appeal or properly appeal her convictions. She says her attorney

failed to communicate with her and, had she known he was in the midst of disbarment proceedings due to his inabilities and unethical conduct, she would have retained competent counsel.   She argues that, in essence, she was without representation throughout her state criminal proceedings.   She also asserts that her convictions were "uncorroborated by evidence" because the man actually guilty of the crimes has not been tried or sentenced and all the evidence was seized from his residence under his control, not hers, a matter that her attorney failed to address.   She says that, after her attorney was disbarred, she was appointed an attorney in her direct appeal who had no direct knowledge of her pretrial or trial proceedings.

In response, Respondent argues that the petition should be dismissed for two reasons: (1) the petition is barred in its entirety by the statute of limitations as set forth in 28 U.S.C. § 2244(d); and (2) Petitioner's claims are procedurally defaulted because she failed to properly present them to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991).   Because the Court agrees that all claims are procedurally defaulted, the alternative argument for dismissal based on the statute of limitations need not be addressed.   *See Day v. McDonough*, 547 U.S. 198, 205 (2006) (statute of limitations defense is not jurisdictional); *Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir.), *cert. denied*, 549 U.S. 1034 (2006) (because statute of limitations is non-jurisdictional, court can proceed to other arguments in interest of judicial economy).

## II.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to

4

the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see* 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available in the state courts). A federal habeas petitioner's claims must rely on the "same factual and legal bases" relied on in state court. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). Claims in a federal habeas petition that were not presented in state court and for which there is no remaining state court remedy are procedurally defaulted. *Id.* A federal claim is also procedurally defaulted where a state court has declined to review it due to the petitioner's failure to follow applicable state procedural rules in presenting it. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir.), *cert. denied*, 549 U.S. 1059 (2006); *see House v. Bell*, 547 U.S. 518, 522 (2006) ("Out of respect for the finality of state-court judgments, federal habeas courts, as a general rule, are closed to claims that state courts would consider defaulted."). A state prisoner is required to present his claims through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that failure to properly appeal the denial of a post-conviction claim to the highest state court constitutes a procedural default. *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005).

Although Petitioner attacked the sufficiency of the trial evidence in her direct appeal, she did not make the particular arguments now advanced. Specifically, she did not argue that the evidence relied upon was seized from another person's residence[2] or that her

---

[2]Apparently, the evidence to which Petitioner is referring are the items seized when police executed a search warrant at Poland's house, i.e., two computers containing pornographic pictures, data storage discs, a camera with film, a video camera, photographs, and a personal safe containing sexually related items. *See Velcoff I*, *supra.*

convictions were "uncorroborated." While she did raise a similar claim in her Rule 37 petition, she did not properly appeal the denial of that petition, precluding review by the Arkansas Supreme Court. Similarly, her failure to appeal the Rule 37 denial in a timely and procedurally correct manner resulted in the default of her claims that her state-court counsel was ineffective. There is no contention that the state procedural rules relevant to her default were not firmly established or regularly followed. Because Petitioner failed to comply with the applicable state procedural rules for presenting her claims to all appropriate state courts, all of her claims are procedurally defaulted.

Where a procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default <u>and</u> actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 496 (1986). If no cause has been demonstrated, the prejudice element of the analysis need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

To excuse her defaults, Petitioner says she was never afforded competent counsel in any of her state proceedings. She also asserts that she has little education and no knowledge of the law or legal procedures.

Cause requires a showing of some impediment, external to the petitioner's defense and not fairly attributable to him, preventing him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman*, 501 U.S. at 753. Pro se status and unfamiliarity with legal arguments and procedural matters are not sufficiently

external to constitute cause excusing a procedural default. *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). While ineffective assistance of trial or appellate counsel may constitute cause to lift a procedural bar, *Murray*, 477 U.S. at 488; *Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002), a habeas petitioner cannot rely upon ineffectiveness of counsel as cause to excuse a procedural default where he has not properly presented that ineffectiveness claim to the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (ineffective assistance of counsel asserted as cause for procedural default of another federal claim can itself be procedurally defaulted); *Interiano*, 471 F.3d at 856-57; *Williams*, 311 F.3d at 897. Here, Petitioner presented several claims of ineffective assistance in her Rule 37 petition, but she did not timely and properly appeal the Rule 37 denial, thereby defaulting those claims. In addition, because there is no constitutional entitlement to counsel in state post-conviction proceedings, she cannot blame her defaults there on the fact that she was proceeding without counsel. *Coleman*, 501 U.S. at 752, 757; *Interiano*, 471 F.3d at 856-57. Therefore, Petitioner has not demonstrated cause for her failure to present her current, specific claims to all appropriate state courts in a timely and procedurally correct manner.

Petitioner makes no attempt to fit within the demanding actual-innocence exception to the cause-prejudice requirement, which will permit federal habeas review only in the "extraordinary" case. *See Schlup v. Delo*, 513 U.S. 298, 324-31 (1995) (exception requires habeas petitioner to support his allegations of constitutional error with new reliable evidence not presented at trial, and to show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him"). Moreover, the narrow exception does not appear applicable, as Petitioner presents no evidence whatsoever of

innocence, much less anything new and reliable.  *Id.* at 316 ("Without any new evidence

of innocence, even the existence of a concededly meritorious constitutional violation is not

in itself sufficient to establish a miscarriage of justice that would allow a habeas court to

reach the merits of a barred claim."); *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (exception

requires petitioner "to present new evidence that affirmatively demonstrates that he is

innocent of the crime for which he was convicted"), *cert. denied*, 549 U.S. 1036 (2006);

*Osborne*, 411 F.3d at 920 (evidence not "new" if existed at time of trial and could have

been discovered earlier if petitioner or counsel had diligently pursued it).

Because she has not demonstrated cause and prejudice or actual innocence,

Petitioner's claims must be dismissed as procedurally barred.


III.

Petitioner has also filed a renewed motion for appointment of counsel (doc. 13).  For

the reasons stated in denying her earlier request for counsel (doc. 8), this motion is

**denied**.


IV.

Petitioner's claims are procedurally barred.   Therefore, this 28 U.S.C. § 2254

petition for writ of habeas corpus (doc. 2) is **denied, dismissing this action in its entirety

with prejudice**.

IT IS SO ORDERED this 20th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

8